IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                        3:97cr80/RV
                                           3:98cv459/RV/MD

JOHNNY BUTLER

---

## REPORT AND RECOMMENDATION

The defendant's motion to vacate pursuant to 28 U.S.C. § 2255 is before the court upon remand from the district court, after partial remand by the Eleventh Circuit Court of Appeals.  One of the claims raised by the defendant in his § 2255 motion is that counsel was constitutionally ineffective because he failed to file an appeal.  (Doc. 89).  After reviewing the defendant's motion, the magistrate judge then assigned to the case recommended that it be denied in its entirety (doc. 147), and the district court adopted the recommendation over defendant's objection.  (Doc. 149).  On November 5, 2003, the Eleventh Circuit reversed the district court's ruling with respect to the court's denial of the "failure to appeal" portion of the defendant's motion because "the district court failed to determine whether Butler instructed his trial counsel to file an appeal." (Doc. 173).  On March 5, 2005, the district count entered an order remanding the case back to the Magistrate Judge for further proceedings. (Doc. 176).  Because the magistrate judge to whom the case was previously assigned has retired, the case was administratively referred to the undersigned on September 16, 2005.

Although defendant alleged in his motion that counsel was constitutionally ineffective because he failed to file an appeal, he provided no factual information for the court's consideration.  On his § 2255 form defendant states only that counsel failed to file

an appeal, timely or otherwise.  In his memorandum, the issue is virtually ignored.  (Doc. 118).  Defendant states in the final paragraph of the memorandum that he is entitled to relief "having demonstrated cause and prejudice for [counsel's] plausible failure to appeal on this ground."  (Doc. 118 at 22).  Nowhere does he state that he requested that an appeal be filed.

Counsel filed an affidavit in response to the defendant's § 2255 motion. (Doc. 140, exh. A).  In the affidavit, counsel swears that he explained the defendant's right to appeal, but indicated that in his opinion there was no basis for a successful appeal, primarily because of the significant downward departure from the sentencing guidelines.  Counsel also states "At no time, until the filing of Defendant's pro se Motion, did Defendant ever suggest to the undersigned that he desired to appeal any portion of his conviction or withdraw his plea."  (Doc. 140, exh. A at 4).

Clearly, there was a conflict between the positions of defendant and of counsel.  However, absent any further detail about the circumstances of the defendant's alleged request for an appeal, the court could not determine whether defendant was entitled to relief, or even an evidentiary hearing.  Therefore, defendant was ordered to set forth, in as much detail as possible, under penalty of perjury, *all* discussions (and attempted discussions) he had with counsel regarding an appeal.  He was advised that upon receipt of the sworn affidavit, the court would assess the need for an evidentiary hearing.  *Cf. Blackledge v. Allison*, 431 U.S. 63, 80-83, 97 S.Ct. 1621, 1632-1634, 52 L.Ed.2d 136 (1977).  He was also advised that if he did not file this affidavit, the court would rule on the record currently before the court.

Defendant filed the affidavit as directed.  However, this affidavit was still less than clear on the issue of whether he specifically requested counsel to file an appeal.  He states that he "wanted [counsel] to appeal [the gun] issue" and that there "were other issues which [he] wanted to include in [his] appeal."  (Doc. 181 at 1).  He stated that he thought his attorney had begun the appeal process and that some time had passed when he found out counsel failed to file the appeal.  In light of the latitude afforded to pro se litigants and in an abundance of caution, the court held an evidentiary hearing on December 20, 2005.

At the hearing, defendant testified that at the time he entered his plea, he "did not agree with" the gun charge, because the weapon in question did not belong to him.  He said he had told counsel this one more than one occasion, but that counsel essentially told him to "not worry about it" because he was cooperating.  Defendant understood that if he tried to fight the gun charge, the government would take back the plea bargain.  He testified that he asked counsel if they could appeal the gun charge, and stated that counsel told him he should continue to cooperate and he would get additional time taken off his sentence.  Defendant acknowledged that at sentencing the court told him about his limited right to appeal.  He stated that he talked to counsel after sentencing and told him he wanted to appeal.  Defendant testified that two weeks after sentencing, he called counsel on the phone to ask about his appeal, and at that time was told that counsel no longer represented him.  He indicated that he did not recall whether counsel or the court had told him if he could not afford counsel to represent him on appeal that an attorney possibly could be appointed for him.  He stated that after he was transferred to federal prison, another inmate helped him file the instant § 2255 motion.

On cross examination the defendant conceded that counsel's advice to cooperate had "saved" approximately 125 months off of his sentence.  He acknowledged inconsistencies between his testimony at the hearing and the contents of his affidavit and § 2255 motion, for instance with respect to his ability to reach counsel by telephone (in the affidavit he stated he had been unable to reach counsel), with respect to his quarrel with the gun charge (he did not mention in the motion that the gun was not his) and that he had affirmed his prior convictions at sentencing.  On re-direct, he stated that he had clarified that his problem with the gun conviction was that the gun was not his in an affidavit he filed after the initial motion, and that the conviction he sought to challenge was the violation of probation conviction.  He also admitted that he had a limited education and that another inmate had helped him prepare the motion after his transfer to a federal facility.

Mr. Griffith testified that he had been admitted to practice in the Northern District of Florida around 1978.  He noted that due to the age of the case, and the fact that many of his files had been stored in a building damaged by Hurricane Ivan, he was unable to locate

much of the defendant's file.  Many memos to the file were retrieved from his office computer and those were admitted into evidence.  (Government's Exh. 7-13, 15-19).  Counsel concurred that defendant initially had not wanted to enter a plea to the gun charge, but that after meeting with Drug Enforcement Agent Charles Gravat and hearing about the testimony that would be presented against him at trial, he changed his mind.  Counsel testified that after the defendant entered his change of plea he never indicated he wanted to appeal.  He unequivocally answered "No" when asked whether defendant ever indicated he wanted to appeal.   The affidavit previously submitted and refiled as Government's Exhibit 3 is consistent with this testimony.  Additionally, one of the memos counsel dictated to his client's case file contemporaneous with the events in question reflects "he advised me he did not want to appeal this, that he was satisfied with the sentence." (Government's Exh. 12).  When asked whether he would have filed an appeal had the defendant asked, counsel responded that he would have discussed it with his client, and if he insisted would have filed the appeal then moved to withdraw because he did not believe there were any viable grounds for appeal.  Counsel stated that his review of the documents he had had refreshed his recollection, and again did not hesitate in saying that his client did not ask him to appeal.

        The court offered the defendant the opportunity to submit additional argument, but after consultation with counsel he indicated at the hearing that defendant wanted the court to rule on the record it had before it.


**LEGAL ANALYSIS**

        If a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable.  *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)).   Since a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated

appeal.  *Id.*  However, in cases where a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the question whether counsel has performed deficiently by not filing a notice of appeal is analyzed as follows:

> [T]he question . . . is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal.  We employ the term "consult" to convey a specific meaning - advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.  If counsel has consulted with the defendant, the question of deficient performance is easily answered; Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.  *See supra* 1034-1035.  If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Flores-Ortega,* 528 U.S. at 478, 120 S.Ct. at 1035.  The *Flores-Ortega* Court rejected a bright-line rule that counsel must always consult with a defendant regarding an appeal:

> We instead hold that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must take into account all the information counsel knew or should have known . . . . Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.

*Id.,* 528 U.S. at 480, 120 S.Ct. at 1036.

In this case, the court finds based on the record before it and the testimony adduced at the evidentiary hearing that counsel **did** consult with his client about an appeal, and that at some point the defendant expressed dissatisfaction with his plea to the gun charge, but that ultimately he **did not** ask his attorney to file the appeal.  Defendant's allegations in his motion and supporting affidavits were vague, and in some places inconsistent with his testimony at the hearing.  Counsel, on the other hand, was unequivocal in both his 1999

affidavit and in his explanation at the hearing about what he would have done had his client asked him to file an appeal.   Additionally, the file memorandum dictated by counsel contemporaneously with the events in question indicated that Mr. Butler did not wish to appeal.

Based on the foregoing, it is respectfully RECOMMENDED:

The court find that defendant did not request that counsel file an appeal, and that the motion to vacate, set aside, or correct sentence (doc. 89) be DENIED.

At Pensacola, Florida, this 3rd day of January, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).